UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID ARCHAMBAULT, )<br>)<br>)<br>)<br>Plaintiff )<br>) | COMPLAINT |
| v. ) | C.A. No. |
| )<br>ENCORE RECEIVABLE MANAGEMENT, INC. )<br>)<br>)<br>Defendant )<br>) | |

## Introduction

This is an action brought by an individual consumer for unfair and deceptive debt collection practices. Defendant has violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Maine state counterpart, 32 M.R.S.A. §11001 et seq. ("MFDCPA").

## Parties

1. Plaintiff, David Archambault ("Mr. Archambault"), is an individual who resides in Biddeford, Maine.

2. Defendant, Encore Receivable Management, Inc. ("Encore") is a debt collector as defined by the FDCPA with a principal place of business in Olathe, Kansas.

## Jurisdiction and Venue

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C §§1331 and 1367, and 15 U.S.C. §1692k(d). Venue in this District is proper pursuant to

28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to Mr. Archambault's claims occurred here.

**Facts**

4. On or about December 14, 2015, Encore sent Mr. Archambault a collection letter regarding an alleged debt owed to Synchrony Bank/Lenscrafters ("Encore's Lenscrafters Letter").

5. Encore's Lenscrafters Letter was Encore's initial contact with Mr. Archambault regarding this alleged debt.

6. In several places the letter refers to the Total Account Balance and the Total Amount Due giving different figures for each. These figures are more than $1,300 apart. A true and accurate copy of this letter is filed herewith as Exhibit 1.

7. Nowhere in Encore's Lenscrafters Letter does Encore explain how these two figures are to be reconciled.

8. There is no other disclosure in Encore's Lenscrafters Letter of the amount of the debt.

9. Encore did not send Mr. Archambault another written validation notice within five days of its initial communication.

10. Encore's Lenscrafters Letter fails to clearly disclose the amount of the debt it seeks to collect as required by 15 U.S.C. §1692g(a)(1).

11. On or about November 24, 2015, Encore sent Mr. Archambault a collection letter regarding an alleged debt owed to Synchrony Bank/Synchrony Home ("Encore's Synchrony Home Letter").

12. Encore's Synchrony Home Letter was Encore's initial contact with Mr. Archambault regarding this alleged debt. In several places the letter refers to the Total Account Balance and the Total Amount Due giving figures for each. These figures are more than $2,500 apart. A true and accurate copy of this letter is filed herewith as Exhibit 2.

13. Nowhere in Encore's Synchrony Home Letter does Encore explain how these two figures are to be reconciled.

14. There is no other disclosure in Encore's Synchrony Home Letter of the amount of the debt.

15. Encore did not send Mr. Archambault another written validation notice within five days of its initial communication.

16. Encore's Synchrony Home Letter fails to clearly disclose the amount of the debt it seeks to collect as required by 15 U.S.C. §1692g(a)(1).

### Count I: Violation Of The Federal Fair Debt Collection Practices Act
### 15 U.S.C. §1692g
### (Encore Lenscrafters Letter)

17. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

18. Encore is a debt collector pursuant to 15 U.S.C. §1692a.

19. The alleged debt at issue is a consumer debt pursuant to 15 U.S.C. §1692a.

20. As detailed above, Encore has violated 15 U.S.C. §1692g by failing to comply with the notice requirements of §1692g(a)(1).

21. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff in the sum of his actual damages, statutory damages, costs and attorney's fees

### Count II: Violation Of The Federal Fair Debt Collection Practices Act
### 15 U.S.C. §1692g
### (Encore Synchrony Home Letter)

22. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

23. Encore is a debt collector pursuant to 15 U.S.C. §1692a.]

24. The alleged debt at issue is a consumer debt pursuant to 15 U.S.C. §1692a.

25. As detailed above, Encore has violated 15 U.S.C. §1692g by failing to comply with the notice requirements of §1692g(a)(1).

26. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff in the sum of his actual damages, statutory damages, costs and attorney's fees.

### Count III: Violation Of The Maine Fair Debt Collection Practices Act
### 32 M.R.S.A. §11014
### (Encore Lenscrafters Letter)

27. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

28. Encore is a debt collector pursuant to 32 M.R.S.A. §11012.

29. The alleged debt at issue is a consumer debt pursuant to 32 M.R.S.A. §11012.

30. As detailed above, Encore has violated 32 M.R.S.A. §11014 by failing to comply with the notice requirements of §11014(1).

31. As a result of the above violations of the MFDCPA, the Defendant is liable to the Plaintiff in the sum of his actual damages, statutory damages, costs and attorney's fees.

### Count IV: Violation Of The Maine Fair Debt Collection Practices Act
### 32 M.R.S.A. §11014
### (Encore Synchrony Home Letter)

32. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

33. Encore is a debt collector pursuant to 32 M.R.S.A. §11012.

34. The alleged debt at issue is a consumer debt pursuant to 32 M.R.S.A. §11012.

35. As detailed above, Encore has violated 32 M.R.S.A. §11014 by failing to comply with the notice requirements of §11014(1).

36. As a result of the above violations of the MFDCPA, the Defendant is liable to the Plaintiff in the sum of his actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant in the amount of:

I.      For the Encore Lenscrafters Letter:

      (a)  actual damages pursuant to 15 U.S.C. §1692k and 32 M.R.S.A. §11054;

      (b)  statutory damages pursuant to 15 U.S.C. §1692k and 32 M.R.S.A. §11054;

      (c)  costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and 32 M.R.S.A. §11054;  and

      (d)  for such other and further relief as may be just and proper.

II.     For the Encore Synchrony Home Letter:

      (a)  actual damages pursuant to 15 U.S.C. §1692k and 32 M.R.S.A. §11054;

      (b)  statutory damages pursuant to 15 U.S.C. §1692k and 32 M.R.S.A. §11054;

      (c)  costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and 32 M.R.S.A. §11054;  and

      (d)  for such other and further relief as may be just and proper.

### Jury Demand

Plaintiff demands trial by jury.

Date:  February 25, 2016

Respectfully submitted,
**DAVID ARCHAMBAULT**
By his attorney:

/s/ Andrea Bopp Stark
Andrea Bopp Stark, Esq.
Molleur Law Office
419 Alfred Street
Biddeford, Maine 04005
(207) 283-3777
andrea@molleurlaw.com